**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| VERMONT MUTUAL INSURANCE GROUP, *as subrogee of Bernard Labree*, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )    No. 1:25-cv-00046-LEW |
| | ) |
| BROAN-NUTONE LLC, | ) ) |
| Defendant. | ) |

**ORDER**

Vermont Mutual Insurance Group, as subrogee of Bernard Labree, initiated this products liability case by filing a complaint against Broan-Nutone LLC in the Maine Superior Court on December 4, 2024. *See* ECF No. 1-1. Broan-Nutone removed the matter to this Court and answered the complaint, *see* ECF Nos. 1, 7, following which a scheduling order was issued on February 11, 2025, setting an overall discovery deadline of July 1, 2025, *see* ECF No. 8.

In June 2025, I granted Vermont Mutual's unopposed motion to extend the deadlines and extended Vermont Mutual's expert disclosure deadline to October 27, 2025, Broan-Nutone's expert disclosure deadline to December 3, 2025, and the discovery deadline to January 5, 2026. *See* ECF No. 21. In October 2025, I granted another unopposed motion by Vermont Mutual and extended Vermont Mutual's expert disclosure deadline to January 5, 2026, Broan-Nutone's expert

1

disclosure deadline to February 13, 2026, and the discovery deadline to April 1, 2026. *See* ECF No. 23.

On April 24, 2026, several weeks after the expiration of the discovery deadline and after Broan-Nutone filed notice of its intent to move for summary judgment based on Vermont Mutual's failure to disclose any experts, *see* ECF Nos. 26, 28, Vermont Mutual filed a motion under Fed. R. Civ. P. 56(d), in which it argues that summary judgment is premature because discovery is incomplete and seeks a retroactive extension of both the expert disclosure deadlines and the overall discovery deadline, *see* Motion (ECF No. 29).  Broan-Nutone opposes the motion, arguing that Vermont Mutual should not be allowed to escape the consequences of its own "repeated failure" to comply with the previous deadlines.  Opposition (ECF No. 30) at 1.

I will begin my analysis by noting that the Plaintiff's invocation of Rule 56(d), *see* Motion at 1, is misguided where it failed to complete discovery during the fourteen or so months it had to do so.  *See* 10B Mary Kay Kane et al., *Federal Practice & Procedure* § 2741, Westlaw (database updated Apr. 2026) ("[Rule 56(d)] will not be applied to aid a party who has been lazy or dilatory . . . [A] request for relief under Rule 56(d) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.  The courts will not delay a case to allow discovery when the discovery sought could have been instituted earlier . . . ." (footnotes omitted)); *Rivera–Almodóvar v. Instituto Socioeconómico Comunitario, Inc.*, 730 F.3d 23, 29 (1st Cir. 2013) ("[Rule 56(d)] is not designed to give relief to those who sleep upon their rights." (cleaned up)).

The more pertinent standard is that of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *Rivera–Almodóvar*, 730 F.3d at 26 ("In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension. But where, as here, the litigant is faced with an expired [discovery] deadline, more is required: she must show that her failure to request an extension in a time[ly] manner constitutes excusable neglect." (cleaned up)). "In federal civil procedure, 'excusable neglect' is a term of art. It encompasses inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." *Rivera–Almodóvar*, 730 F.3d at 26; *but see id.* at 27 ("[A] lawyer's inattention or carelessness, without more, normally does not constitute excusable neglect." (cleaned up)).

After reviewing the parties' briefing and listening to them at a hearing on May 20, 2026, it is a very close call whether Vermont Mutual has demonstrated the excusable neglect required for me to reset the long-expired deadlines. That it took Broan-Nutone filing both a notice of its intent to move for summary judgment and a prefiling conference memorandum for Vermont Mutual to recognize that it had blown important discovery deadlines shows a startling level of inattention. *See id.* at 24-25 ("When a party takes a languid approach to completing pretrial discovery and to the imminent threat posed by a motion for summary judgment, bad things usually happen.").

But it appears that Vermont Mutual was not alone in taking a lackadaisical approach to discovery—Broan-Nutone, for example, did not fully respond to Vermont

Mutual's June 2025 discovery requests until late February 2026.  Moreover, both sides have shown disregard for this Court's deadlines, as evidenced by the fact that they were still scheduling and conducting depositions after the discovery deadline expired on April 1, 2026.  While Broan-Nutone's dilatory conduct does not excuse Vermont Mutual's, it does help explain why Vermont Mutual was lulled into a false (and very misguided) sense of security that Broan-Nutone would consent to extending the deadlines yet again.  Moreover, it would be unfair to let Broan-Nutone capitalize in such a major way on a situation partially of its own making.  In such circumstances, I find that Vermont Mutual has just barely cleared the hurdle of demonstrating the excusable neglect necessary to reset the expired discovery deadlines.[1]

I am not, however, going to give Vermont Mutual all the time it asks for to disclose its experts and complete discovery.  Accordingly, Vermont Mutual's motion is **GRANTED IN PART** and the deadlines are extended as follows: Vermont Mutual's expert disclosures are due by June 10, 2026; Broan-Nutone's expert disclosures are due by July 1, 2026; discovery is to be completed by July 31, 2026; any Local Rule 56(h) notices must be filed by August 7, 2026; any dispositive/*Daubert*/*Kumho* motions must be filed by August 14, 2026; and the case will be ready for trial by October 5, 2026. The parties must make every effort to work cooperatively within these deadlines, as **I will not grant further extensions under any circumstances**.  The summary judgment process is **STAYED** pending

---

[1] Vermont Mutual's counsel is cautioned not to expect this result in future cases.

completion of discovery, and Broan-Nutone shall file a renewed Local Rule 56(h) notice if it desires to restart the process once discovery is complete.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: May 21, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge